20-3421 South Dakota, United States v. Gabriel Ramirez All right Yes, I'm just making sure I have everyone On my screen here Mr. Hanson, we'll hear from you first. Thank you. May please the court. Mr. Clapper the issue I'd like to address in today's argument is the Claim that the district court erred in the determination of the drug quantity we realized that the Standard here is very hard It's that we have to show that the district court was clearly erroneous in this case the District court is allowed to approximate the quantity of drugs involved when the amount of drugs seized Does not reflect the scale of the offense in this case there were Three I believe Packages of drugs seized concerning the Aaron Pope Purchases and there was the pail that contained I believe a little less than two pounds of methamphetamine that came from Mr. Webb outside of those two transactions or I should say two Individuals there's no other evidence of Mr. Ramirez making any other drug sales Nobody else came in and testified that they had purchased their Mr. Ramirez or had seen him purchase It was just Mr. Pope who testified I believe about the three controlled by transactions that took place and Mr. Webb testifying about the one transaction where he claimed he bought a pail in This case the pail that contained a little under two pounds of drugs Nothing else was presented after the seizure of what I'll call the web drugs a Search warrant was obtained and they raided Mr. Ramirez's house No drugs were found No cash was found No, oh sheets were found the only thing I believe that was found that was drug-related was a Scale in the basement that had some residue on it And I cannot remember if a marijuana cigarette or not was found there were some other items found but It was Determined that those belong to his son and had no absolute Bearing at all on this case Mr. Hanson, how would you ask us to calculate? What do you think the accurate calculation is as as I was looking at the district court? Transcript it looked like maybe there was a request for a different base offense level than you're suggesting on appeal. So Can you help us understand? How much you have to knock off on the quantities to get to the base offense level that you're asserting is Yes, you're at one. My belief is that the drugs that should have been in Involved in the calculation of this offense level was what I'd call the drugs that were in the pail that were seized from Mr. Webb and the drugs that were obtained from The sales of mr. Pope if you would just Count those I believe it'd be at a level 32 now. There was some discussion that my client had made some type of admission to The Agent who arrested him that at some time in the past he had sold a pound of Methamphetamine I would ask that that not be counted because I believe at trial the agent Testified that he didn't believe much of anything that mr. Amiris told him during that interview So I would ask that just the drugs that were seized Or were turned over to law enforcement as the result of the sales I believe that shows the scale of the operation There was no in doing that. Mr. Anson. Do are you asking? Are you saying that the district court made a clearly erroneous credibility finding as to the testimony about additional quantities? That were purchased from him in the course of the conspiracy. Yes In this case would be our position that mr. Pope's claim that he estimated that he had purchased 10 pounds of Methamphetamine from Mr. Amiris just should not have been believed Mr. Pope could not provide any dates Amounts of the sale and in fact, he even said that some of those sales he didn't purchase from mr. Ramirez, but he believed the person who he purchased it from Got it from mr. Amiris, and there's just no other in Looking at some of this courts past rulings where they've looked at Allegations of past drug transactions to determine weight there's been some Cooperating type evidence that either other people saw it or the person could talk about specific sales or specific amounts or specific amounts of cash that took place that didn't Happen at all with mr. Pope and with mr. Webb Mr. Webb just basically said oh I estimate that over the time period I purchased 30 pounds of Methamphetamine from mr. Ramirez. He gave no Dates he gave no particularities he Just basically threw out there the claim now With mr. Webb It's our position that he was just a person who just was not credible at all. He just threw out the the drug amounts Now, I believe the government's gonna try and say that well Mr. Ramirez had been on the Law enforcement's radar screen. They knew of him. They had been watching him but no police officer testified about any Transactions or any meetings which they had seen between Mr. Ramirez and Mr. Webb that mr. Webb just threw it out. In fact in this case I believe an argument could be made that perhaps mr. Webb was delivering the methamphetamine to mr. Ramirez Which the jury also would conclude that my client was guilty of a conspiracy if that took place and Unfortunately in these type of cases, we don't have a jury making an actual weight determination And we're left here with Trying to estimate it in this case here. There just wasn't anything to substantiate it. Thank you reserve the rest of my time All Right. Thank you for your argument. Mr. Hanson. Mr. Clapper. We'll hear from you Thank you, your honor on behalf of the US Attorney's Office for the District of South Dakota We're asking this court to affirm the conviction of mr. Ramirez and Uphold the sentence that the district court entered in this case There Was plenty of evidence submitted to the jury for them to find That there was an agreement between co-conspirators to distribute methamphetamine in Sioux Falls probably the most compelling evidence was the witness of Curtis Webb who? Was being monitored with a GPS tracking device the local drug task force was aware of Mr. Webb and was aware also of mr. Ramirez And on that particular night I believe was October 24 2018 a tracked Mr. Webb's vehicle to stop right at mr. Ramirez's home he was there for a few minutes and then they Continued tracking him to the location a few Miles away from that which they believed to be his stash house. So they initiated a stop. I Believe it was within 11 minutes of him leaving. Mr. Ramirez is home and There in the vehicle they caught him with a Plastic bucket to contain nearly two pounds of methamphetamine He agreed to be interviewed and within less than an hour of being apprehended Told the police that Ramirez was the source of that two pounds of methamphetamine. They caught him within the bucket He then explained that he had purchased Methamphetamine from mr. Ramirez a number of times before that often in the one and two pound quantities which he then resold and sometimes even four pound quantities so the And he also explained that those drugs were often fronted to him and then he would pay mr. Ramirez back After he sold the drugs The court the district court reasonably relied on his quantification of that and Specifically at the sentencing hearing ruled that it made sense That he was giving reliable testimony because he gave up that information within an hour of being arrested It was also corroborated by the GPS tracking device Then we have the other Co-conspirator Aaron Pope he was working with ATF agents and they had him wired up and they Were able to record Transactions where he bought much smaller amounts from mr. Ramirez in the 48 gram Amounts and this would have been in November of in December of 2018 Again at Mr. Ramirez is home and the drugs were fronted to him and He paid him on Subsequent transactions again. All of that was recorded and Then we have the interview of mr. Ramirez himself who admits that he sold a pound of methamphetamine sometime in 2016 or 2017 Those three Bits of evidence Support the finding of a guilty verdict in this case And this court has said in the Pisano case that evidence a distribution of large amounts over an extended period of time including fronting Transactions is ample evidence and then when we go to the drug quantity issue The District Court reasonably relied on the testimony of the witnesses in open court The district court did not make a mistake here as to the quantification to get to What the defense or what the mr. Ramirez wants in this case? Requires this court and would have required the district court to completely ignore every other bit of testimony except what Mr. Pope and mr. Webb were caught with Well that has never been the standard for this court to uphold the drug quantification for sentencing purposes In upholding other Quantity quantities of drugs in fact This court said in Walker a 2012 case that the district court can make specific determinations of quantity of drugs even based on imprecise evidence so what we have here is Two Co-conspirators estimating their amounts. I'll give you that but to get to what? Mr. Ramirez wants for quantification You he's asking this court to ignore everything they said Except for what they were caught with and that's just not what the standard this court is determined to be Mr. Clapper, I think I think the argument is that they're just simply not credible. So There's a difference I think between the yes estimating the quantities and then just determining that a witness's testimony Regardless of estimates or precision is just not credible and at least I understood his argument here this morning to be These two people just didn't provide sufficiently credible evidence to support any kind of quantity Sure, and and I understand that That of course was the same tactic taken against both of these co-conspirators and cross-examination He tried to discredit them and of course the jury found otherwise and convicting him of being a drug dealer of meth and the district court was the same court that tried the case as the one that sentenced it and was able to evaluate all of the testimony that was given at trial and she said at the Sentencing hearing that she found both of the defendants credible Especially in light of the fact that mr. Webb Basically confessed within an hour of being apprehended when he was When that GPS tracker tracked him to Ramirez's location If there's no other questions, that's all the argument that I have Very well, thank you for your argument Mr. Hanson, would you care to make rebuttal just Briefly, I would just point out that yes, the case law is the court can use imprecise Information as long as there's some sufficient indicia of reliability in this case Mr. Webb just started throwing threw out a number 30 pounds and mr. Pope just threw out a number 10 pounds without giving the court really any tight frame Locations where they took place Costs or anything that corroborated and I think you also have to look at the fact that mr. Pope's Transactions were for much much smaller amounts about two ounces at a time weight compared to mr. Webb all of a sudden throwing out these huge 30 pound numbers in this case. We're not talking about a witness Talking about grams, but when you start throwing out pound amounts Then I it should be that the court should really take a good hard look at the reliability and the credibility and the collaboration of the Person who's making those claims. Thank you Very well, thank you for your argument And thank you. Mr. Hanson for accepting the appointment in this case under the criminal justice act The case is submitted The court will file an opinion in due course